### In re BOHANON'S GUARDIANSHIP.
### DYER v. WARD et al.

No. 26196. Oct. 20, 1936.

Rehearing Denied Nov. 24, 1936.

Lee & Allen and Finney & Cook, for plaintiff in error.

Robert Crockett, U. S. Probate Atty., and M. F. Hudson, for defendants in error.

PHELPS, J. This is an appeal by James Dyer, as guardian of Ruth Bohanon, an Indian minor, from the judgment of the district court denying him compensation for that part of his services as guardian connected with the settlement of a claim existing on behalf of the ward for participation in the estate of one Stechi, deceased. The questions involving the right of the guardian to compensation for his general services were tried twice each in the county court and the district court. It is unnecessary to relate all of the intricate details of fact connected therewith, and it is sufficient to state that the only question before us is whether the district court, on the last de novo hearing, should have adjudged that the guardian was entitled to compensation for that part of his services connected with the settlement of the particular claim.

The evidence reveals that in the perfecting of the settlement, whereunder the ward received considerable money, the plaintiff in error was particularly active and diligent prior to his appointment as guardian. During that period he had not yet been appointed guardian; a prior guardian had

not at that time been discharged. The record does not reveal whether he was paid for his services rendered prior to such appointment.

It appears that the negotiations for the settlement had about been completed when he was appointed guardian, and all he did as guardian in connection with the settlement of this claim was to sign his name to a prepared written stipulation, at the direction of the attorney who had represented the ward and her guardians through out the litigation, and he also made several trips from Broken Bow to Smithville, in the same county, and to Muskogee. He placed before the district court no evidence whatsoever, nor even any suggestion, as to the value of his services, the expenses incurred by him upon the trips, etc. His attorney did make a suggestion that the guardian was entitled to 10 per cent. of the amount recovered for the ward in the aforesaid settlement, under subdivision (C) of section 1482, O. S. 1931, but it is apparent that said subdivision is not applicable, due to the fact that this guardian did not collect the income, but merely happened to be the guardian when the settlement was consummated, pursuant to negotiations had prior to his appointment. We do not pass upon the question of whether it was necessary for the guardian to introduce evidence of the value of his services, but we do hold that no activity in connection with this particular and restricted part of the guardian's activities was shown which would demand that he be awarded additional compensation therefor.

In addition to the foregoing, it appears that the guardian admitted at one stage in the proceeding that he had appropriated to his own use and benefit about $1,275 belonging to the ward. This was in connection with his general guardianship and management of the ward's funds, and not in connection with the settlement of the particular claim under consideration. We do not know whether this fact influenced the trial judge in denying the guardian compensation in the instant proceeding. The plaintiff in error contends that it did not, but the record does not bear him out in that respect. In fact, the record is silent as to whether that consideration entered into the judgment. The findings and orders of the trial judge in the journal entry are preceded by the words, "Wherefore and upon consideration of the entire record."

The guardian had made no report to the county court of his misappropriation of the funds, but made the admission thereof only when it was forced from him by opponents at the hearing. This in itself would have been sufficient to justify the court's refusal to award him compensation. In the sixth paragraph of the syllabus of In re Estate of Talomase, 98 Okla. 212, 225 P. 156, it is said:

"Where a guardian seeks compensation out of his ward's estate, it is incumbent upon such guardian to show that he has honestly managed the estate of his ward and has made an honest effort to make a true report of the condition of the ward's estate before such compensation is allowed; but where a guardian has mismanaged the estate of his ward or fails to make an honest effort to submit a true report of the ward's estate, amounting to fraud practiced upon his ward, compensation for services of the guardian should not be allowed."

The judgment is affirmed.

McNEILL, C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.